IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

OWNERS INSURANCE COMPANY and           *
AUTO-OWNERS INSURANCE COMPANY,          *
                                        *
        Plaintiffs,                     *
                                        *
        v.                              *        CV 121-086
                                        *
ADVANCED SLEEP TECHNOLOGIES,            *
INC., et al.,                           *
                                        *
        Defendants.                     *

---

**O R D E R**

---

Before the Court is Defendants University Sleep Associates ("USA") and Augusta Lung Associates, LLP ("ALA") motion to dismiss Plaintiff's amended complaint.  (Doc. 23.)  For the reasons that follow, Defendants' motion is **DENIED**.

## I. BACKGROUND[1]

In this case, Plaintiffs seek a declaratory judgment about their rights and duties under the insurance contracts into which they entered with several of the Defendants.  Finding the parties named in the declaratory judgment action proper, the Court **DENIES** Defendants' motion to dismiss.

---

[1] In deciding this motion to dismiss, the Court accepts all facts alleged in the complaint as true and construes all reasonable inferences in the light most favorable to Plaintiffs.  See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002).

Plaintiffs – Owners Insurance Company ("Owners") and Auto-Owners Insurance Company ("Auto-Owners") – each provided one insurance policy to Defendant Advanced Sleep Technologies, Inc. ("Advanced Sleep"), an Augusta-based medical facility that conducts sleep studies for its patients. (Doc. 1, ¶¶ 1-3, 17-18.) Owners provided a "Businessowners Policy," while Auto-Owners provided a "Commercial Umbrella Insurance Policy." (Id. ¶¶ 33-34.)

In February 2019, one of Advanced Sleep's patients died, allegedly as the result of an incident that occurred during a sleep study on its premises. (Id. ¶¶ 16-27.) The patient's son and widow, Defendants Stephen Ronald Callahan, Jr. and Linda Callahan, then brought suit against Advanced Sleep and a number of related entities in the Superior Court of Richmond County on January 25, 2021 alleging three causes of action: professional negligence, ordinary negligence, and loss of consortium. (Id. ¶¶ 28-32.) Defendant Mr. Callahan brought suit as the personal representative of his late father, Stephen Ronald Callahan, Sr., and Defendant Ms. Callahan brought suit individually and as her late husband's surviving spouse (the "Underlying Lawsuit"). (Id. at 15.) The Callahans also sued Defendants USA, ALA, and Joseph L. Poole, which they allege are entities related to Advanced Sleep. (Id. at 14.)

After learning of the lawsuit, Plaintiffs issued a reservation of rights letter to Advanced Sleep and retained counsel

to defend the same, subject to a full reservation of rights.  (Id. ¶ 36.)   However, Plaintiffs aver that "[q]uestions exist as to whether [the insurance policies] afford coverage for the claims and damages" alleged in the Underlying Lawsuit, "and whether [Plaintiffs] have any duty to defend or indemnify any defendants named in the Underlying Lawsuit." (Id. ¶ 37.)   Thus, Plaintiffs request a declaratory judgment clarifying their rights and obligations under the contracts.  (Id. ¶¶ 47-78.)   USA and ALA move to dismiss the declaratory judgment action, arguing Plaintiffs fail to state a claim and that declaratory judgment would be improper.  (Doc. 23.)   The Court's findings are below.

## II. MOTION TO DISMISS STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).  Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-

3

unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." Id. A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Exec. 100, Inc. v. Martin Cnty., 922 F.2d 1536, 1539 (11th Cir. 1991)).

### III. DECLARATORY JUDGMENT STANDARD

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "For a controversy to exist, the facts alleged, under all the circumstances, must show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Bitco Gen. Ins. Co. v. Kelluem, No 1:16-cv-168, 2017 WL 5244803, at *2 (S.D. Ga. May 4, 2017) (internal quotations and citations omitted). The Court must remain cognizant, however, that "the purpose of declaratory judgment actions . . . is to resolve outstanding controversies without forcing a putative defendant to wait to see if it will be subjected to suit." Sherwin-Williams Co. v. Holmes Cnty., 343 F.3d 383, 398 n.8 (5th Cir. 2003). Accordingly, even if the maturation of the controversy depends on future contingencies, courts still have discretion to entertain declaratory judgment actions. See GTE Directories Publ'g. Corp. v. Trimen Am., Inc., 67 F.3d 1563, 1569 (11th Cir. 1995) ("That the liability may be contingent does not necessarily defeat jurisdiction of a declaratory judgment action. Rather, the

5

practical likelihood that the contingencies will occur and that the controversy is a real one should be decisive in determining whether an actual controversy exists." (internal quotations and citations omitted)).  Indeed, "[n]o bright line rule exists for distinguishing between declaratory-judgment actions that satisfy the case-or-controversy requirement and those that do not." Owners Ins. Co. v. Parsons, 610 F. Appx. 895, 898 (11th Cir. 2015) (citing MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118 (2007)); but see Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330-31 (11th Cir. 2005) (providing list of factors for federal courts to consider in deciding whether to abstain from declaratory judgment action in favor of parallel litigation in state court).

## IV. DISCUSSION

In their motion to dismiss, USA and ALA argue there is no justiciable controversy before the Court with respect to them. (Doc. 23, at 1.)  They assert the Court should not permit the declaratory relief action because this action is "addressed to [a] solely abstract and hypothetical case[]."  (Id. at 2.) Specifically, they argue the case the Court "is being asked to resolve is an abstract question because this is an action attempting to secure a determination of indemnification of claims . . . which have not been litigated or resolved in the underlying

6

lawsuit." (Id. at 2-3.) Finally, Defendants argue "Plaintiffs are unable to show how they have suffered some actual or threatened injury resulting from the alleged conduct of USA or ALA in the underlying lawsuit, therefore no justiciable controversy exists." (Id. at 3.)

"Federal courts long have held that an insurance company seeking determination of its liabilities under an insurance contract could utilize the Declaratory Judgment Act for such a purpose." State Farm Mut. Auto. Ins. Co. v. Bates, 542 F. Supp. 807, 817 (N.D. Ga. 1982). "Indeed, even if the declaratory relief sought by plaintiff hinges on liability that may never actually arise, the Court still has discretion to entertain the present action." Kelluem, 2017 WL 5244803, at *4. Here, resolution by the Court is likely to "clarify[] the legal relations at issue," and the controversy is concrete, particularized, and either actual or imminent, namely: whether Plaintiffs are obligated to defend the underlying lawsuit. (Doc. 1, ¶¶ 47-58.) As such, the Court finds that Plaintiffs have standing to pursue the present declaratory judgment action, and that the Court has subject matter to adjudicate the same.

Finally, the Court finds the named Defendants are necessary parties. As Plaintiffs argue, "there is an actual controversy as to whether each defendant named in the Underlying Lawsuit is entitled to coverage under the aforementioned policies." (Doc.

24, at 16.)   Thus, "[l]ike a tort claimant, a party who has the right to be indemnified by the insured would also be prejudiced by a judgment declaring that the insurer was not obligated to cover the insured." Selective Ins. Co. of the Se. v. William P. White Racing Stable, Inc., No. 15-21333-CIV, 2015 WL 11237014, at *5 (S.D. Fla. Dec. 22, 2015).   Viewing the facts in the light most favorable to Plaintiffs, Defendants USA and ALA may be inseparable and jointly liable along with Defendant Advanced Sleep.   (Doc. 24, at 16.)   Thus, they are indispensable parties and dismissal of them would be inappropriate.   FED. R. CIV. P. 19.

**V. CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss (Doc. 23) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 17ᵗʰ day of March, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

8